Opinion issued January 26,
2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00649-CR

____________

 








ADAM MICHAEL HICKS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 1303770

 

 



MEMORANDUM
OPINION








          Appellant,
Adam Michael Hicks, pleaded guilty to the third degree felony offense of failure
to stop and render aid.  The trial court
found appellant guilty, and, in accordance with the terms of appellant’s plea
bargain agreement with the State, sentenced appellant to two years’
confinement.  Appellant has filed a pro
se notice of appeal.  We dismiss the
appeal. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after obtaining the trial court’s permission to
appeal.  Tex. R. App. P. 25.2(a)(2). 
An appeal must be dismissed if a certification showing that the
defendant has the right of appeal has not been made part of the record.  Tex. R.
App. P. 25.2(d).

Here, the trial court’s certification
is included in the record on appeal. See
id.  The trial court’s certification
states that this is a plea bargain case and the defendant has no right of
appeal.  See Tex. R. App. P.
25.2(a)(2).  Appellant did not appeal any
pre-trial matters, and the trial court did not give appellant permission to
appeal. The record supports the trial court’s certification. See Dears v. State, 154 S.W.3d 610, 615
(Tex. Crim. App. 2005).  Because
appellant has no right of appeal, we must dismiss this appeal.  See Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (“A court of appeals,
while having jurisdiction to ascertain whether an appellant who plea-bargained
is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal
without further action, regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeal
for want of jurisdiction.  We dismiss all
pending motions as moot.

PER CURIAM

Panel consists of Justices Jennings, Massengale, and
Huddle.

 

Do not publish. 
Tex. R. App. P. 47.2(b).